# NOTE: CHANGES MADE BY THE COURT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY | Case No. CV11-4950-JFW (PJWx) |
| Plaintiff, | [DISCOVERY MATTER] |
| v. | **ORDER ON MANLEY TOYS, LTD'S MOTION FOR ENTRY OF A PROTECTIVE ORDER** |
| SLB TOYS USA INC., et al. | Date:          February 3, 2012 |
| Defendants. | Time:          11:00 a.m. |
| | Courtroom:  23 |
| | Discovery Cut-off:  April 9, 2012 |
| | Pretrial Conf.:        May 25, 2012 |
| | Trial Date:             June 12, 2012 |
| AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS | |

Note Court's change at page 12, paragraph 10: "A party that seeks to file protected material must seek permission to file the material under seal pursuant to Civil Local Rule 79-5.

1

1

2

3      Motion having been made by Defendant Manley Toys, Ltd. ("Manley") for

4  Entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), with

5  proof having been made to the satisfaction of the Court, and good cause appearing

6  therefor, the Court hereby enters a Protective Order pursuant to the following terms:

7      1.    <u>PURPOSES AND LIMITATIONS.</u>

8      Disclosure and discovery activity in this action are likely to involve

9  production of confidential, proprietary, or private information for which special

10  protection from public disclosure and from use for any purpose other than

11  prosecuting this litigation would be warranted.  This Order does not confer blanket

12  protections on all disclosures or responses to discovery and the protection it affords

13  extends only to the limited information or items that are entitled under the

14  applicable legal principles to treatment as confidential.  This Stipulated Protective

15  Order creates no entitlement to file confidential information under seal; Civil Local

16  Rule 79-5 sets forth the procedures that must be followed and reflects the standards

17  that will be applied when a party seeks permission from the court to file material

18  under seal.

19      2.    <u>DEFINITIONS.</u>

20      2.1    <u>Party</u>:  any party to this action, including all of its officers, directors,

21  employees, consultants, retained experts, insurers, and counsel (and their support

22  staff).

23      2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless

24  of the medium or manner generated, stored, or maintained (including, among other

25  things, testimony, transcripts, or tangible things) that are produced or generated in

26  disclosures or responses to discovery in this matter.

27      2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how

28  generated, stored or maintained) or tangible things that qualify for protection under

standards developed under Fed. R. Civ. Proc. 26(c).  "Confidential" information or items include materials concerning the producing party's trade secrets (as that term is defined in California Civil Code section 3426.1) or other proprietary or confidential financial, operational, research and development or commercially sensitive information, information that implicates privacy rights, or information as to which the producing party otherwise has a business or legal need for confidentiality.

2.4   "Highly Confidential – Attorney's Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.  Documents which may be designated "Highly-Confidential – Attorney's Eyes Only" are limited to those documents containing information regarding (1) bank accounts; (2) sales revenues; (3) the sale of specific products; (4) the distribution of specific products; (5) specific payments between businesses and/or individuals; and (6) supplier agreements with retailers other than Wal-Mart Stores, Inc.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential"; or a Party that designates information or items produced by a non-party in disclosures or in responses to discovery as "Confidential."

2.8   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only."

2.9   Counsel:  attorneys (as well as their support staffs).

2.10   Outside Counsel:  attorney that are not employees of a Party, but are

retained to represent or advise a Party in the action.

2.11   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (*e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

2.13   <u>Litigation</u>:  the captioned case.

2.14   Related litigation:  refers the following actions:

(a)   *Mark Grantham v. Wal-Mart Stores, Inc., et al.*, in the United States District Court for the Western District of Missouri, No.  6:08-cv-3466,

(b)   *Mark Grantham v. Brian Dubinsky, et al.* in the United States District Court for the Western District of Missouri, No. 6:11-cv-3201.

2.15   <u>Other litigation</u>:   litigation other than the captioned case and related litigation.

3.   <u>SCOPE.</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   <u>DURATION.</u>

Even after the termination of this litigation, the confidentiality obligations

4

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL.

5.1   Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify-so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose *(e.g.,* to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions, as provided for by Fed.R.Civ.P. Rule 37.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it ·is withdrawing or modifying the mistaken designation.

5.2   Manner and Timing of Designations:   Except as otherwise provided in thisOrder (*see, e.g.,* second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S

EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting 'Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend at the top of each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after the deposition transcript is received to identify the specific portions of the testimony as to which protection is sought.

1  Only those portions of the testimony that are appropriately designated for protection

2  within the 20 days shall be covered by the provisions of this Stipulated Protective

3  Order.

4        Transcript pages containing Protected Material must be separately bound by

5  the court reporter, who must affix to the top of each such page the legend

6  "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL ATTORNEY'S EYES

7  ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

8  presenting the testimony.

9        (c)  <u>for information produced in some form other than documentary, and for</u>

10  <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the

11  exterior of the container or containers in which the information or item is stored the

12  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY'S EYES

13  ONLY"  If only portions of the information or item warrant protection, the

14  Producing Party, to the extent practicable, shall identify the protected portions.

15        5.3  <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent

16  failure to designate qualified information or items as "CONFIDENTIAL" or

17  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" does not, standing

18  alone, waive the Party's right to secure protection under this Order for such material.

19  If material is appropriately designated as "Confidential" or "Highly Confidential –

20  Attorney's Eyes Only" after the material was initially produced, the Receiving

21  Party, on timely notification of the designation, must make reasonable efforts to

22  assure that the material is treated in accordance with the provisions of this Order.

23  6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

24        6.1  <u>Timing of Challenges</u>:  Unless a prompt challenge to a Designating

25  Party's confidentiality designation is necessary to avoid foreseeable substantial

26  unfairness, unnecessary economic burdens, or a later significant disruption or delay

27  of the litigation, a Party does not waive its right to challenge a confidentiality

28  designation by electing not to mount a challenge promptly after the original

1  designation is disclosed.

2       6.2  <u>Meet and Confer</u>:  A Party that elects to initiate a challenge to a

3  Designating Party's confidentiality designation must do so in good faith and must

4  begin the process by conferring directly (in voice to voice dialogue; other forms of

5  communication are not sufficient) with counsel for the Designating Party. In

6  conferring, the challenging Party must explain the basis for its belief that the

7  confidentiality designation was not proper and must give the Designating Party an

8  opportunity to review the designated material, to reconsider the circumstances, and,

9  if no change in designation is offered, to explain the basis for the chosen

10  designation. A challenging Party, may proceed to the next stage of the challenge

11  process only if it has engaged in this meet and confer process first.

12       6.3  <u>Judicial Intervention</u>:  A Party that elects to press a challenge to a

13  confidentiality designation after considering the justification offered by the

14  Designating Party may file and serve a motion under Civil Local Rule 7 (and in

15  compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

16  material and sets forth in detail the basis for the challenge. Each such motion must

17  be accompanied by a competent declaration that affirms that the movant has

18  complied with the meet and confer requirements imposed in the preceding

19  paragraph that sets forth with specificity the justification for the confidentiality

20  designation that was given by the Designating Party in the meet and confer dialogue.

21  The burden of persuasion in any such challenge proceeding shall be on the

22  Designating Party. Until the court rules on the challenge, all parties shall continue to

23  afford the material in question the level of protection to which it is entitled under the

24  Producing Party's designation.

25       7.       <u>ACCESS TO AND USE OF PROTECTED MATERIAL.</u>

26       7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

27  disclosed or produced by another Party or by a non-party in connection with this

28  case only for prosecuting, defending, or attempting to settle this litigation.  Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items in This Litigation</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of record in this litigation and related litigation, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party, including employed attorneys, to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel, court reporters and their staffs;

(e) professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the litigation to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or original recipients of the document, or the original source of

1    the information.

2        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

3    ONLY" Information or Items in This Litigation.  Unless otherwise ordered by the

4    Court or permitted in writing by the Designating Party, a Receiving Party may

5    disclose any information or item designated as "HIGHLY CONFIDENTIAL –

6    ATTORNEY'S EYES ONLY" only to:

7        (a)    The Receiving Party's Outside Counsel of record in this action, as well

8    as employees of Outside Counsel necessary given that those individuals have signed

9    the "Agreement to Be Bound By This Protective Order" attached hereto as Exhibit

10   A.;

11       (b)    Experts (as defined in this order) (1) to whom disclosure is reasonably

12   necessary in this litigation, (2) who have signed the "Agreement to Be Bound By

13   This Protective Order",

14       (c)    The Court and it personnel, court reporters, and staff,

15       (d)    Professional Vendors for whom disclosure is reasonably necessary for

16   this litigation and who have signed the "Agreement to Be Bound By This Protective

17   Order",

18       (e)    during their depositions, witnesses in the action employed by or

19   designated as a party witness by the Designating Party to whom disclosure is

20   reasonably necessary and who have signed the "Agreement to Be Bound by

21   Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits

22   to depositions that reveal Protected Material must be separately bound by the court

23   reporter and may not be disclosed to anyone except as permitted under this

24   Stipulated Protective Order; and

25       (f)    the author or original recipients of the document, or the original source

26   of the information.

27       7.4    Use and Disclosure of "CONFIDENTIAL" or "HIGHLY

28   CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information and Items in

Related Litigation.  Information and items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may not be disclosed in connection with Related Litigation without appropriate application to the Court wherein the Related Litigation is pending that such documents, subject to appropriate objections, are responsive to discovery requests in the particular Related Litigation.  Any documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," which are disclosed in Related Litigation after application to the proper Court, remain subject to their designation and attendant treatment within the Related Litigation.

8.    PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

After being notified, the Designating Party must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Designating Party must deliver a copy of this Protective Order promptly to the Party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the

11

expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL.

~~Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this litigation any Protected Material.~~  A Party that seeks to file any Protected Material must seek permission to file the material under seal pursuant to Civil Local Rule 79-5.

11.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this litigation, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "All Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS.</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.


DATED:  <u>February 1, 2012</u>                    _____

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Colony National Insurance Company v. SLB Toys USA, Inc, et al.*, Case No. CV 11-4950-JFW (PJWx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service in connection with this litigation or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1